927 F.2d 598
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andrew WATKINS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Winston Michael ADAMS, a/k/a Mikey, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee, v
Charles Anton McKAIN, a/k/a Kinky, a/k/a John, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick George BROWN, a/k/a Toto-Roy, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren MILLER, a/k/a Danny, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rudolph Hugh BROWN, a/k/a Rudy, a/k/a Leroy, Defendant-Appellant.
 Nos. 90-5175, 90-5176, 90-5178 to 90-5181.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 8, 1991.
Decided Feb. 25, 1991.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CR-89-95-B)
 David Carey Woll, Washington, D.C., for appellant Watkins;
 Leslie L. Gladstone, Baltimore, Md., for appellant Adams;
 Mary Beth Buonanno, Greenbelt, Md., for appellant McKain;
 Michael Ian Gilbert, Baltimore, Md., for appellant Frederick Brown;
 Stuart Richard Blatt, Baltimore, Md., for appellant Miller;
 Jeffrey C. Hines, Baltimore, Md., for appellant Rudolph Brown.
 Breckinridge L. Willcox, United States Attorney, Miriam Aroni Krinsky, Assistant United States Attorney, Organized Crime Drug Enforcement Tax Force, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Six defendants were arrested and charged in connection with trafficking in cocaine base ("crack") after a law enforcement seizure of over (a) four kilograms of cocaine hydrochloride and crack, (b) $100,000 in cash, and (c) other miscellaneous items and crack. Each eventually entered into a plea agreement.
 
 
 2
 A plethora of contentions is raised over Sentencing Guideline applications claimed to be insufficient or defective: minor participant status,[1] insufficient support for a guilty plea,[2] plea agreement violation,[3] miscalculation of the base offense level,[4] improper role enhancement,[5] inadequate provision of an interpreter,[6] and refusal to allow plea retraction.[7] For reasons stated in the footnotes, those grounds are deemed without merit.
 
 
 3
 However, the district court judge in the case of defendants Andrew Watkins, Charles McKain, Winston Adams, and Frederick Brown included in his judgment the statement: "Defendant shall comply with all orders of the Immigration and Naturalization Services, including deportation orders and, in the event of deportation, shall not return to the United States." The entering of that condition forbidding return to the United States exceeded the powers of the district court judge. Allowing or forbidding return is an executive power of the United States resting in the Attorney General. 8 U.S.C. Sec. 1182(a) 17 and Sec. 1326. For the district court to refuse return to the United States following deportation risked a conflict with the doctrine of separation of powers. Cf. Landon v. Plasencia, 459 U.S. 21 (1982).
 
 
 4
 Consequently, we modify the sentence in each of the cases by ordering stricken "and, in the event of deportation, shall not return to the United States."[8] As so modified, the sentence in each case is
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 That culpability may be less than that of some others does not mandate minor participant status. Andrew Watkins was at least an average participant. See United States v. Mueller, 902 F.2d 336, 346 (5th Cir.1990)
 
 
 [2]
 Evidence existed sufficient to support the belief, knowledge of, and participation in the conspiracy on the part of defendant, Charles McKain
 
 
 [3]
 The district court properly first figured out what the guideline range should be pursuant to U.S.S.G. Sec. 5G1.1(a). The decision not to depart downward is not reviewable. See United States v. Ortez, 902 F.2d 61, 63 (D.C.Cir.1990); United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 65 (1990)
 
 
 [4]
 Failure to object precludes appeal in the absence of exceptional circumstances. See United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990). No exceptional circumstances were present in Frederick Brown's case
 
 
 [5]
 "Recruiting and instructing an accomplice to transport drugs creates a permissible inference that the defendant's role had been transformed from strictly individual to supervisory." United States v. Rutter, 897 F.2d 1558, 1563 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 88 (1990)
 
 
 [6]
 Defendant, Rudolph Brown, from the record, evinced no inability to understand English. He never asked for an interpreter
 
 
 [7]
 Rudolph Brown's plea agreement was valid, he does not argue that he was not in violation of it, and the government was not obliged to move for a downward departure. Although we do not condone the government's decision to argue against its earlier stipulation that Brown had accepted responsibility, the district court judge's decision that no acceptance of responsibility had occurred was acceptable
 
 
 [8]
 With the impermissible condition stricken, the failure to inform two of the defendants of possible deportation does not create a Rule 11 problem requiring reconsideration of the pleas. The possibility of deportation is a collateral consequence of a guilty plea. See United States v. Montoya, 891 F.2d 1273, 1293 (7th Cir.1989)